UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Chris K. Kimball and Betty Hardle,
individually, and on behalf of all others
similarly situated,

          Plaintiffs,

v.

Frederick J. Hanna & Associates, P.C.,

          Defendant.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 10-130 (MJD/JJG)

---

Michael S. Hilicki, The Walner Law Firm, Ltd, Pro Hac Vice, Counsel for Plaintiffs.

Michael G. Phillips, Phillips Law, PLLC, Counsel for Plaintiffs.

Thomas P. Kane and Paulette S. Sarp, Hinshaw & Culbertson LLP, Counsel for Defendant.

---

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Chris Kimball's Motion for Class Certification [Docket No. 40]. Oral argument was heard Friday, April 29, 2011. For the reasons below, the Court will grant Plaintiff Kimball's motion.

## II.    FACTUAL BACKGROUND

1

Plaintiffs Chris Kimball and Betty Hardle filed a Complaint with this Court on January 15, 2010.  [Docket No. 1].  The Complaint alleges that Defendant Frederick H. Hanna & Associates, P.C. ("Hanna") violated the Fair Debt Collection Practices Act ("FDCPA") when it left the following automated collection message (the "Hanna Message") on Kimball's answering machine on January 19, 2009:

> Please contact Bob Wilson with the law offices of Frederick J. Hannah and Associates, PC.  The toll free number is 1-866-306-8250.  Again, please contact Bob Wilson with the law offices of Frederick J. Hanna and Associates, PC.  The toll free number is 1-866-306-8250.  It is important the call be returned as soon as possible.  Thank you.  Please press zero to speak with a representative immediately.  Please press 1 to hear this message again.

(Compl. ¶ 9.)

In response to discovery served by Plaintiffs, Defendant admitted that it left the same or a substantially similar message for about 540 Minnesota residents from January 15, 2009 to the present.  Additionally, Defendant produced copies of the "log" of events Defendant maintained relating to Kimball's debt, as well as copies of the "form" of written communications sent to Kimball as referenced in the log.

On December 29, 2010, Plaintiffs filed a Motion for Leave to File an Amended Complaint in order to dismiss Plaintiff Hardle, and to dismiss any claims for actual damages. [Docket No. 36]. On January 12, 2010, United States Magistrate Judge Jeanne Graham denied this motion. [Docket Nos. 47, 48].

On January 3, 2011, Plaintiff Kimball, alone, filed a Motion for Class Certification. [Docket No. 40]. In her reply brief, Kimball notes that Plaintiff Hardle is no longer pursuing her claim and Kimball is no longer seeking actual damages, but rather is only seeking statutory damages permitted by 15 U.S.C. § 1692k.

## III.   DISCUSSION

### A. Fair Debt Collection Practices Act

Kimball asserts that, in sending the Hanna Message, Defendant violated the FDCPA, specifically 15 U.S.C. §§ 1692e(11) and 1692d(6). "The purpose of the FDCPA is 'to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 318-19 (8th Cir. 2004) (quoting 15 U.S.C. § 1692(e)).

> Title 15 U.S.C. § 1692e(11) provides that:
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. . . .

"Voicemails are communications covered by this Section." Baker v. Allstate Fin. Servs., Inc., 554 F. Supp. 2d 945, 952 (D. Minn. 2008) (citation omitted); see also Mark v. J.C. Christensen & Assocs., Inc., No. 09-100 (ADM/SRN), 2009 WL 2407700, at *2-3 (D. Minn. Aug. 4, 2009).

> Title 15 U.S.C. § 1692d(6) states:
>
> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Except as provided in section 1692b, the placement of telephone calls without meaningful disclosure of the caller's identity.

"[C]ourts construing Section 1692d(6) in similar contexts have uniformly held that it requires a debt collector to disclose the caller's name, the debt collection

company's name, and the nature of the debt collector's business."  <u>Baker</u>, 554 F.

Supp. 2d at 949-50 (citations omitted).

      Kimball seeks certification of a class defined as follows:

> [A]ll person who, according to Hanna's records, are consumers with Minnesota addresses and were sent an automated voicemail or answering machine message by Hanna after January 15, 2009 that is identical or substantially similar to the Hanna Message.

(Pl.'s Mem. in Supp. of Mot. for Class Cert. at 3.)

      **B.  Standard for Class Certification Under Rule 23**

      The class action serves to conserve the resources of the court and the parties by permitting an issue that may affect every class member to be litigated in an economical fashion.  <u>Gen. Tel. Co. of Southwest v. Falcon</u>, 457 U.S. 147, 155 (1982).  Whether an action should be certified as a class action is governed by Rule 23 of the Federal Rules of Civil Procedure.

> To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b).  The Rule 23(a) requirements for class certification are: (1) the putative class is so numerous that it makes joinder of all members impractical; (2) questions of law or fact are common to the class; (3) the class representatives' claims or defenses are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In re St. Jude Med., Inc., 425 F.3d 1116, 1119 (8th Cir. 2005) (citing Fed. R. Civ. P. 23(a)) (footnote and other citations omitted). A district court should not certify a class until it has been determined, "after a rigorous analysis, that all the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co., 457 U.S. at 161.

Rule 23(b)(3) allows a class action when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Kimball does not seek certification under any of the other Rule 23(b) categories.

District courts retain broad discretion in determining whether or not to certify a class. Gilbert v. City of Little Rock, 722 F.2d 1390, 1399 (8th Cir. 1983). Kimball bears the burden of proof regarding the Rule 23 requirements. In re Worker's Compensation, 130 F.R.D. 99, 103 (D. Minn. 1990) (citation omitted). "When there is a question as to whether certification is appropriate, the Court should give the benefit of the doubt to approving the class." Id. (citation omitted).

### C. Rule 23(a) Requirements

#### 1. Numerosity

A class should be certified only if the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The putative class includes approximately 540 Minnesota residents who received the Hanna Message. Joinder of all the members of the putative class would be impracticable. Moreover, Defendant does not dispute that the numerosity requirement is met. Thus, the Court finds that the numerosity requirement is met.

### 2. Commonality

Rule 23(a)(2) requires that in order for a class to be certified "there are question of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). It is not required "that every question of law or fact be common to every member of the class", and the rule "may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." Paxton v. Union Nat'l Bank, 688 F.2d 552, 561 (8th Cir. 1982) (citation omitted). "In most cases, the commonality requirement is easily satisfied because it 'requires only that the course of conduct giving rise to a cause of action affects all class members, and that at least one of the elements of that cause of action is shared by

all class members.'"  Janick v. Cavalry Portfolio Servs., LLC, No. 06-3104 (MJD/AJB), 2007 WL 1994026, at *5 (D. Minn. July 3, 2007) (citing Egge v. Healthspan Servs. Co., 208 F.R.D. 265, 268 (D. Minn. 2002)).

Defendant contends that Kimball has failed to establish commonality because the resolution of the common legal issue in this case would require individual factual determinations.  Defendant argues that simply because each of the proposed class members received the Hanna Message is not dispositive on the issue of whether the Hanna Message violated the FDCPA for each individual class member, because each of these proposed class members received the message under varying circumstances.  Notably, Defendant asserts that the Court would need to examine whether each class member actually listened to the message and whether the message was the initial communication from Defendant or whether it was part of a series of written and oral communications from Defendant.

Defendant directs the Court to a number of cases cited for the proposition that it is appropriate to consider the nature of written and oral communications that preceded the allegedly wrongful message to determine if the message in question satisfied the FDCPA disclosure requirements.  See e.g., Dikeman v.

Nat'l Educators, Inc., 81 F.3d 949, 954  (10th Cir. 1996) (stating that the context and situation can be considered regarding an alleged violation of 1692e(11)); Reed v. Global Acceptance Credit Corp., No. C-08-01826 RMW, 2008 WL 3330165, at *4 (N.D. Cal. Aug. 12, 2008) ("[T]he totality of the circumstances and prior communications between the parties suggest that a consumer would know the nature and identity of the caller in the voicemail message.").  Accordingly, Defendant contends that each member of the putative class would have to have their claims individually examined in order to determine whether or not a violation of the FDCPA occurred with regard to the Hanna Message.

    The Court disagrees with Defendant's argument.  The language of § 1692e(11) explicitly requires that in each communication after the initial communication there must be a disclosure that the communication is from a debt collector.  Additionally, § 1692d(6) clearly states that in each telephone call the debt collector must disclose the caller's identity.  The issue of whether the Hanna Message contained the required disclosures is common to the class members.

    Moreover, other courts addressing this issue have held that an examination of prior communications is unnecessary, when the issue is whether a communication by a debt collector contained the requisite disclosure.  In Foti v.

WCO Fin. Systs., Inc., the court held that where there was nothing in a voicemail message to inform the consumer that the message was from a debt collector, a consumer is not required to recall previous communications which may have identified the caller as a debt collector. 424 F. Supp. 2d 643, 669 (S.D.N.Y 2006). The court held that it is unreasonable to require the consumer to recall the initial communication because such a "view of § 1692e(11) would eviscerate the statute's protection in subsequent communications, placing the burden on the consumer to recall the first communication and draw the connection to the second communication." Id. Additionally, the court in Drossin v. Nat'l Action Fin. Servs., Inc., 255 F.R.D. 608 (S.D. Fla. 2009), similarly held that consideration of previous communications was unnecessary when considering whether or not the commonality requirement was met with regard to purported violations of § 1692(d)(6) and § 1692(e)(11). In Drossin, the defendant also argued that a class should not be certified because the court would be required to determine whether each individual class member was aware that the defendant was a debt collector. Id. at 616. The court stated

> Defendant's arguments against commonality fail. . . . [T]he [FDCPA] requires disclosure of the debt collector's identity, the purpose of the call, and even in subsequent communications, the [FDCPA] requires that the debt collector must disclose itself as such. Therefore, the

> issue of whether class members received phone messages that lacked information required by the FDCPA is common to the class members. . . .

Id. Accordingly, the Court finds that the commonality requirement has been met in this case.

### 3. Typicality

Rule 23(a)(3) requires that in order for a class to be certified, the claims or defenses of the class representative must be typical of the class. Fed. R. Civ. P. 23(a)(3). "This requirement is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." Paxton, 688 F.2d at 561-62) (citation omitted).

Kimball's claims are typical of the class because all the claims, including Kimball's, stem from the same facts, the sending of the Hanna Message, and the claims are all based on the same theory that the message in question violated §§ 1692e(11) and 1692d(6).

Defendant argues that Kimball's claims are not representative of the class, because as discussed above, Kimball received two letters and was called several times before receiving the Hanna Message. Defendant contends that because

there is no evidence that the members of the proposed class were contacted in the same manner, typicality is not satisfied because the Court would need to conduct individual inquiries. Once again, the Court disagrees with Defendant's argument. For the same reasons as discussed above, consideration of Defendant's prior communications with Kimball and the class members is unnecessary with regard to the typicality requirement. The issue is whether or not Kimball and the class members received a message which lacked required disclosures under the FDCPA. An analysis of previous communications is not required to make this determination, and Kimball's claims are typical. See Drossin, 255 F.R.D. at 616.

### 4. Adequacy

Rule 23(a)(4) requires that in order for a class to be certified the Court must determine whether the named representative and her counsel will adequately represent the interests of the class members. Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied when the class representative is "part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997) (citation omitted). The party moving for class certification has the burden to establish

that she will adequately represent the class. Rattray v. Woodbury Cnty., IA, 614 F.3d 831, 835 (8th Cir. 2010) (citation omitted). "The district court must decide whether Rule 23(a)(4) is satisfied through balancing the convenience of maintaining a class action and the need to guarantee adequate representation to the class members." Id. (citation omitted). In particular, the Court must determine if "the class representatives have common interests with the members of the class, and [ ] whether the class representative will vigorously protect the interests of the class through qualified counsel." Paxton, 688 F.2d at 562-63. "A failure of the putative class representative to assure the court that it will vigorously pursue the interests of class members is a sufficient basis to deny certification." Rattray, 614 F.3d at 836 (citation omitted). "A representative has a common interest with class members when the representative has an economic stake in the outcome – even if that stake is based solely on the recovery of statutory damages – as long as the injuries arose out of the same conduct." Jancik, 2007 WL 1994026, at *7 (citation omitted).

      The Court finds that the adequacy requirement is met in this case, because Kimball's and the class members' claims arise from the same facts, and both Kimball and the class members stand to recover statutory damages if the case is

successful.  Additionally, the Court finds that Kimball's attorneys are adequate to represent the interests of the class members.  Kimball's attorneys have more than 20 years of class action experience, including class actions brought under the FDCPA.

Defendant contends that Kimball and her counsel have shown that they are not interested in vigorously pursuing the interests of the proposed class members.  Defendant argues that this lack of vigor is shown by the fact that Plaintiffs did not seek leave to amend the Complaint until after the deadline for such amendments.  Defendant notes that Magistrate Judge Graham subsequently denied Plaintiffs' motion to amend the Complaint because Plaintiffs did not show good cause why they waited until after the deadline for amendments to attempt to amend the Complaint.  Defendant contends that this provides evidence that Kimball is not prepared to fairly and adequately protect the interests of the proposed class members.

The Court disagrees with Defendant.  The test for adequacy is whether or not Kimball shares the same interests and suffered the same injuries as the proposed class.  As mentioned above, the Court finds that this test is satisfied. Kimball is undisputedly part of the class, she shares the same interests as the

class, and suffered the same injury. Additionally, although Plaintiffs' motion to amend the Complaint was denied, Plaintiffs were not obligated to amend their Complaint, and thus the Court finds that the denial of the motion does not call into question Kimball's ability to adequately represent the interests of the proposed class. Thus, the requirements of Rule 23(a)(4) are established in the case at hand.

### D. Rule 23(b)(3) Requirement

#### 1. Predominance

Under Rule 23(b)(3), "questions of law or fact common to the members of the class" must "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "[A] claim will meet the predominance requirement when generalized evidence proves or disproves the elements of the claim on a class-wide basis, because such proof obviates the need to examine each class member's individual position." Buetow v. A.L.S. Enterprises, Inc., 259 F.R.D. 187, 190 (D. Minn. 2009) (citation omitted).

Kimball's claim and the claims of the proposed class members all rest on the question of whether or not the Hanna Message violates the FDCPA.

Accordingly, the Court finds that the predominance requirement of Rule 23(b)(3) is satisfied.

Defendant argues that individual questions predominate over any common questions of law or fact. As discussed above, Defendant contends that the Court will be required to make determinations about each individual class members' circumstances in order to determine whether Defendant's communication of the Hanna Message to an individual was in violation of the FDCPA. Again, the Court finds this argument unavailing. Consideration of Defendant's prior communications is unnecessary in determining whether or not the Hanna Message violates the FDCPA. Kimball's claims, and the claims of the proposed class, will be determined by comparing the Hanna Message to the requirements of §§ 1692e(11) and 1692d(6). The central question in the case is whether the Hanna Message violated the FDCPA, and this predominates over any individual inquiries.

### 2. Superiority

Rule 23(b)(3) further requires that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.

R. Civ. P. 23(b)(3).  The rule sets forth four nonexclusive factors to help determine if a class action is superior.  Those factors are:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Id.

The Court finds that application of these factors show that a class action is the superior method to adjudicate this case.  No class member has demonstrated an interest in prosecuting their claim individually, there are no other cases against the Defendant involving the issues presented in this case by a proposed class member, the forum is desirable since the proposed class is Minnesota residents only, and there will be no management issues because the facts and claims are very straightforward, and the evidence necessary to prosecute the case is within the Defendant's records.

Additionally, a class action is superior because the case may resolve the claims of 540 persons in one case, fostering judicial economy.  Moreover, a class action ensures that the rights of class members, who are unaware that they possess a claim, or who cannot hire a lawyer, will receive justice.  Accordingly,

the superiority requirement of Rule 23(b)(3) is established, and the class should be certified.

## IV. CONCLUSION

Accordingly, the Court finds the requirements of Rule 23(a) and Rule 23(b)(3) satisfied, and Plaintiff's proposed class is certified under Federal Rule of Civil Procedure 23(b).

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Class Certification [Docket No. 40] is **GRANTED**.

Dated:   August 15, 2011                    s/ Michael J. Davis
                                            Michael J. Davis
                                            Chief Judge
                                            United States District Court