IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Chris K. Kimball and Betty Hardle, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Frederick J. Hanna & Associates, P.C.,<br><br>Defendant. | Civil File No. 10-cv-130 MJD/JJG<br><br>ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, ENTERING FINAL JUDGMENT, AND DISMISSING THE CASE WITH PREJUDICE |

After due notice to the Class and an opportunity to object or opt out, this case came before the Court for a hearing to determine whether the class action settlement that was granted preliminary approval [Docket No. 76] should be granted final approval.

The Court hereby finds that:

1.      On January 15, 2010, Plaintiffs Kimball and Hardle filed a complaint against Defendant Frederick J. Hanna & Associates, P.C. ("Hanna"). See Doc. No. 1.

2.      On December 29, 2010, Kimball moved to amend her complaint to eliminate Hardle as a plaintiff because it had been determined that Hardle had no claim based on the facts alleged in the complaint. See Doc. Nos. 36, 38.

1

3.      On August 15, 2011, the Court granted Kimball's motion to certify a class of all Minnesota consumers to whom, between January 15, 2009 and the present, Hanna left a voicemail message similar to the one Hanna left Kimball. See Doc. No. 65.  The text of the voicemail message at issue is quoted in ¶ 9 of the complaint.

4.      On September 27, 2011, the parties entered into a class action settlement agreement (the "Agreement").

5.      On November 22, 2011, the Court granted preliminary approval to the settlement and Agreement. See Doc. No. 76.

6.      Pursuant to the Agreement, notice of the settlement in the form approved by the Court was sent to all 629 Class members by first-class mail, postage pre-paid, at their last-known addresses.  As a result of the mailing, 5 notices were returned with a forwarding address and promptly re-sent, 118 notices were returned without forwarding addresses, Class Counsel was able to locate new addresses for 14 of these and notices were promptly resent to the new addresses, and the remaining 104 remain undeliverable.  No Class member has opted out of the Class, and no Class member has objected to the settlement.

7. The complaint alleges that Hanna violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), by leaving Kimball and other Minnesota consumers an automated debt collection voicemail message that failed to contain certain information allegedly required by the FDCPA.

8. Hanna denies that it has any liability to Plaintiff and the Class whatsoever, and further denies that its actions violated the FDCPA in any manner.  However, Hanna elected to enter into the settlement to avoid the expense and uncertainty of continued litigation.  Likewise, Kimball and her counsel have concluded that the outcome of this case cannot be ascertained with certainty, and that it is in the best interests of Kimball and the Class to settle the claims against Hanna alleged in the Complaint upon the terms in the Agreement.

9. The complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA.  Under § 1692k of the FDCPA, the maximum statutory damages recoverable by a named plaintiff is $1,000, and the maximum statutory damages recoverable by a class is $500,000 or 1% of the defendant's net worth, whichever is less.  Here, 1% of Hanna's net worth is approximately $27,500.

10. Under the settlement, Hanna will pay $1,000 in statutory damages to Kimball, and pay $25,200 in statutory damages to the Class, to be divided pro

rata among the Class members whose notices were not ultimately returned as undeliverable and without a forwarding address by the postal service. The Court finds these amounts to be fair, reasonable and adequate because, among other reasons: (a) Plaintiff is receiving, and the Class is almost receiving, the maximum amount of statutory damages available under the FDCPA; (b) the Class's recovery is not being reduced or otherwise affected by the named plaintiff's recovery, the cost of sending notice, the cost of administrating the settlement, or the amount to be paid to cover Class Counsel's attorneys' fees and costs – these sums are being paid in addition to the Class's recovery; and (c) no Class member has objected to the settlement or elected to opt out of it.

11. The settlement was reached in good faith after arms-length negotiations as demonstrated by the fact that the case has been genuinely contested. Because of this fact, as well as the relief being paid as compared to the potential recovery, plus the time, expense and risk associated with further litigation, the Court finds the settlement to be fair, reasonable and adequate.

Accordingly, **IT IS HEREBY ORDERED THAT**:

    a.    The Agreement is granted final approval.

    b.    Upon the Effective Date of the settlement as defined in the Agreement, Plaintiff Kimball and each Class member who did not opt out are deemed to have released and forever discharged Hanna,

      its past or present parents, affiliates, subsidiaries, successors, and assigns, and its present or former directors, officers, employees, agents, insurers and attorneys, of and from all causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which they now have, ever had, or hereafter may have against Hanna arising out of or relating to the claims that were asserted or alleged or which could have been asserted or alleged based on the facts pled in the Complaint (except for those obligations Hanna agreed to undertake in the Agreement, and then only to the extent those obligations have not been fulfilled).

c.     Hanna is barred from pursuing any claim for relief under § 1692k(a)(3) of the FDCPA, 28 U.S.C. § 1927 or Fed. R. Civ. P. 11, against any plaintiff, Class member or Class Counsel, arising out of this matter.

d.     Hardle's claims are dismissed with prejudice.

e.     Within seven (7) days after the Effective Date of the settlement as defined in the Agreement, Hanna shall send each Class Member whose notice was not ultimately returned as undeliverable and without a forwarding address, and who did not opt out, the Class member's pro rata share of the Class Settlement Fund.  The checks will be sent by first-class mail, postage pre-paid.  Each check shall bear a conspicuous legend stating that the check is void if it is not cashed within sixty (60) days of the date it was issued.

f.     Ninety (90) days after the Effective Date of the settlement as defined in the Agreement, Hanna shall notify Class Counsel of the total number of checks that remain uncashed and the total funds represented by those checks ("The Class Residual Fund").   Within fourteen (14) days after that, the parties shall select an appropriate *cy pres* recipient for the Class Residual Fund by agreement or, if they cannot agree, they shall submit the issue to the Court for a decision. Within fourteen (14) days after the selection of the *cy pres* recipient, Hanna shall send a check in the amount of the Class Residual Fund to the President of the *cy pres* recipient, along with a cover letter in the form agreed by the parties' counsel.  At that time, Hanna shall

    also submit to Class Counsel one or more sworn declarations sufficient to competently show that Hanna distributed the Class Settlement Fund and Class Residual Fund in accordance with the Court's orders.

g.     Hanna will bear all of the expenses associated with administering the settlement, such as printing and mailing the notice and settlement checks to the Class.

h.     Within seven (7) days after the Effective Date of the settlement as defined in the Agreement, Hanna shall send class attorney Michael G. Phillips a check made payable to Chris K. Kimball in the amount of $1,000.

i.     Hanna shall pay Class Counsel the reasonable attorneys' fees and costs incurred in connection with this case. If the parties have agreed on the amount to be paid as of the date of this order, then within seven (7) days after the Effective Date of the settlement as defined in the Agreement Hanna shall send class attorney Michael G. Phillips a check for the agreed amount made payable to Phillips Law PLLC Client Trust Account.

j.     The Court reserves jurisdiction over all matters arising from the Agreement and settlement. Otherwise, this case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 9, 2012                   s/Michael J. Davis
                                               Michael J. Davis
                                               Chief Judge
                                               United States District Court