✎AO450 (Rev. 5/85)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

Chris K. Kimball and Betty Hardle, individually
and on behalf of all others similarly situated,

**JUDGMENT IN A CIVIL CASE**

V.

Case Number:   10-130 MJD/JJG

Frederick J. Hanna & Associates, P.C.,

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

a. The Agreement is granted final approval.

b. Upon the Effective Date of the settlement as defined in the Agreement, Plaintiff Kimball and each Class member who did not opt out are deemed to have released and forever discharged Hanna, its past or present parents, affiliates, subsidiaries, successors, and assigns, and its present or former directors, officers, employees, agents, insurers and attorneys, of and from all causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which they now have, ever had, or hereafter may have against Hanna arising out of or relating to the claims that were asserted or alleged or which could have been asserted or alleged based on the facts pled in the Complaint (except for those obligations Hanna agreed to undertake in the Agreement, and then only to the extent those obligations have not been fulfilled).

c. Hanna is barred from pursuing any claim for relief under § 1692k(a)(3) of the FDCPA, 28 U.S.C. § 1927 or Fed. R. Civ. P. 11, against any plaintiff, Class member or Class Counsel, arising out of this matter.

d. Hardle's claims are dismissed with prejudice.

e. Within seven (7) days after the Effective Date of the settlement as defined in the Agreement, Hanna shall send each Class Member whose notice was not ultimately returned as undeliverable and without a forwarding address, and who did not opt out, the Class member's pro rata share of the Class Settlement Fund. The checks will be sent by first-class mail, postage pre-paid. Each check shall bear a conspicuous legend stating that the check is void if it is not cashed within sixty (60) days of the date it was issued.

f. Ninety (90) days after the Effective Date of the settlement as defined in the Agreement, Hanna shall notify Class Counsel of the total number of checks that remain uncashed and the total funds represented by those checks ("The Class Residual Fund"). Within fourteen (14) days after that, the parties shall select an appropriate cy pres recipient for the Class Residual Fund by agreement or, if they cannot agree, they shall submit the issue to the Court for a decision. Within fourteen (14) days after the selection of the cy pres recipient, Hanna shall send a check in the amount of the Class Residual Fund to the President of the cy pres

recipient, along with a cover letter in the form agreed by the parties' counsel. At that time, Hanna shall also submit to Class Counsel one or more sworn declarations sufficient to competently show that Hanna distributed the Class Settlement Fund and Class Residual Fund in accordance with the Court's orders.

g. Hanna will bear all of the expenses associated with administering the settlement, such as printing and mailing the notice and settlement checks to the Class.

h. Within seven (7) days after the Effective Date of the settlement as defined in the Agreement, Hanna shall send class attorney Michael G. Phillips a check made payable to Chris K. Kimball in the amount of $1,000.

i. Hanna shall pay Class Counsel the reasonable attorneys' fees and costs incurred in connection with this case. If the parties have agreed on the amount to be paid as of the date of this order, then within seven (7) days after the Effective Date of the settlement as defined in the Agreement Hanna shall send class attorney Michael G. Phillips a check for the agreed amount made payable to Phillips Law PLLC Client Trust Account.

j. The Court reserves jurisdiction over all matters arising from the Agreement and settlement. Otherwise, this case is dismissed with prejudice.

|  |  |
|---|---|
| 2/9/12 | RICHARD D. SLETTEN, CLERK |
| Date |  |
|  | s/Rena L. Riemer |
| (By) | Rena Lexvold Riemer,   Deputy Clerk |